IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Aliksandr Poludzen<br>955 Easton Road<br>Warrington, PA 18976<br><br>      Plaintiff,<br><br>      v.<br><br>Bucks County<br>1730 South Easton Road<br>Doylestown, PA 18901,<br><br>PrimeCare Medical<br>1730 South Easton Road<br>Doylestown, PA 18901,<br><br>David L. Kratz<br>1730 South Easton Road<br>Doylestown, PA 18901,<br><br>James M. Coyne<br>1730 South Easton Road<br>Doylestown, PA 18901,<br><br>John Doe Corrections Officers<br>1730 South Easton Road<br>Doylestown, PA 18901,<br><br>John Doe PrimeCare Medical Providers<br>1730 South Easton Road<br>Doylestown, PA 18901,<br><br>      Defendants. | CIVIL ACTION<br>No.:<br><br>TRIAL BY JURY DEMANDED |

## **COMPLAINT**

Plaintiff, Aliksandr Poludzen, by and through his attorney, Brian Zeiger, Esq., hereby alleges the following:

1

**PARTIES**

1. Plaintiff, Aliksandr Poludzen, is an adult individual who currently resides at 955 Easton Road, Warrington, PA 18976.

2. Defendant Bucks County is a Municipality in the Commonwealth of Pennsylvania doing business at 1730 South Easton Road, Doylestown, PA 18901.

3. Prime Care Medical (hereinafter "PrimeCare") is a healthcare provider doing business at 1730 South Easton Road, Doylestown, PA 18901, acting as a subcontractor to Bucks County to provide medical care to inmates at the Bucks County Correctional Facility.

4. Defendant David L. Kratz (hereinafter "Katz") and James M. Coyne (hereinafter "Coyne"), are the directors, wardens, or policymakers for the Bucks County Prison, and are being sued in their official capacity only, doing business at 1730 South Easton Road, Doylestown, PA 18901.

5. Defendant PrimeCare Medical Providers John Does (hereinafter "Medical Providers") are believed to be adult citizens of Pennsylvania. Defendants Medical Providers are being sued in their individual capacities. Defendants Medical Providers have a business office at 1730 South Easton Road, Doylestown, PA 18901.

6. Defendant Correctional Officers John Doe (hereinafter "Corrections Officers") are believed to be adult citizens of Pennsylvania. Defendants Corrections Officers are being sued in both their individual capacities. Defendants Corrections Officers have a business office at 1730 South Easton Road, Doylestown, PA 18901.

7. At all times material hereto, the Defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Bucks County.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. § 1983.

9. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

## FACTUAL BACKGROUND

10. Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

11. On or about February 4, 2022, Bucks County contracted with PrimeCare to provide health care to all prisoners and pretrial detainees housed in the Bucks County Prison System.

12. Bucks County, along with PrimeCare, were responsible for creating, implementing, and enforcing policies, practices, and procedures to ensure that all pretrial detainees and prisoners were provided proper medical and healthcare while in their custody.

13. On or about February 4, 2022, Plaintiff, Aliksandr Poludzen, was a prisoner in the Bucks County Prison System following criminal charges.

14. During Plaintiff's incarceration, he fell from furniture in his cell.

15. As a result of the fall, Plaintiff fractured his heel.

16. Plaintiff immediately complained and asked for medical attention.

17. Plaintiff's complaints and requests for medical care were denied.

18. Eventually, John Doe Medical Staff Defendants saw Plaintiff, but his care was denied or delayed.

19. John Doe Medical Staff Defendants confirmed that Plaintiff had a fracture in his heel.

20. However, John Doe Medical Staff Defendants did not provide any care to Plaintiff.

21. On or about March 7, 2022, approximately six weeks after the incident, Plaintiff was removed from the facility and sent to Abington Hospital.

22. Once at Abington Hospital, doctors immediately recognized the fracture and sent Plaintiff immediately to surgery to repair Plaintiff's fractured heel.

23. As a result of the delay and denial of care at the Bucks County Prison, a far more invasive procedure was performed at Abington Hospital.

24. Based upon information and belief, the delay in care caused Plaintiff's broken bone to begin to heal,

25. As a result of the delay in care, the surgeon was forced to "re-brake" Plaintiff's heel, so he could adequately perform surgery to repair the bone.

26. Based upon information and belief, had Plaintiff been immediately treated for his fractured heel, a far less invasive surgery could have been conducted on Plaintiff, and he could have made a full recovery.

27. Plaintiff's mobilization is limited as a result of the lack, denial, and delay of care by the Defendants.

28. As a result of the lack, denial, and delay of care by the Defendants, the procedure performed on or about March 7, 2022, was far more invasive, and the prognosis for a full recovery is doubtful.

29. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered immense physical injuries.

30. Defendants Katz and Coyne were the decision-makers for the Bucks County Prison at the time of the incident.

31.     Defendants Katz and Coyne were the final decision makers of medical policy and treatment for all prisoners at the Bucks County Prison in regard to their relationship with their subcontractor, Defendant PrimeCare, during the time period of Plaintiff's incarceration, subject to the instant action.

32.     Defendants Katz and Coyne established and maintained deficient policies and procedures related to medical care with their subcontractor Defendant PrimeCare: minimal medical care due to budgetary concerns, restricting reasonable medical treatment, failure to provide basic medical care for an obviously known medical condition such as a fracture to the heel, a general failure to fix or correct an obviously deficient sick call system, inadequate training of medical and corrections personnel, inadequate supervision of medical and corrections personnel, and failure to provide specialist consultation.

33.     Plaintiff hereby alleges Defendants Katz and Coyne were personally involved in the decision-making that led to the averments contained in the aforementioned paragraphs.

34.     Bucks County and PrimeCare failed to create, implement, and enforce policies, practices, and procedures to ensure that proper care was provided to the Plaintiff.

35.     Bucks County and PrimeCare failed to ensure medical personnel properly examined inmates complaining of physical health complaints while incarcerated.

36.     Bucks County and PrimeCare failed to provide medical personnel and staff to treat inmates with physical complaints and medical conditions while living in the Bucks County Prison System.

**COUNT I:
FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE
EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983**

**PLAINTIFF V. ALL DEFENDANTS**

37. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

38. Plaintiff repeatedly asked for care for his broken heel.

39. Defendants did not properly investigate or treat Plaintiff's medical complaints.

40. Defendants did not properly learn the cause or condition of Plaintiff's medical complaint.

41. Defendants provided Plaintiff with little to no care for his foot.

42. Defendants failed to protect Plaintiff's physical well-being.

43. Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being, and ignored Plaintiff's complaints and requests for medical care.

44. Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being, and ignored Plaintiff's apparent need for medical treatment and evaluation.

45. Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being denied Plaintiff of medical care.

46. Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being failed to ensure that Plaintiff received prompt medical attention;

47. Defendants acted deliberately, recklessly, and with a conscious disregard of the apparent risk that Plaintiff had a severe medical issue.

48. Defendants' actions caused Plaintiff to suffer needlessly, served no penological purpose, and caused him to have a permanent injury to his foot.

49. As a direct and proximate cause of the Defendants' actions, Plaintiff suffered injury, immense physical pain, humiliation, and fear.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars ($5,000,000) in compensatory damages, delay damages, attorneys fees and allowable costs of suit and brings this action to recover same.

## COUNT II:
## SUPERVISORY LIABILITY –
## FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFF V. DEFENDANT BUCKS COUNTY, PRIMECARE, KATZ and COYLE.

50. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

51. Defendants Katz and Coyle were deliberately indifferent to the needs of pretrial detainees being held in the Bucks County Prison.

52. Upon information and belief, Defendants knew that specific policies and customs posed a grave danger to patients detained in the Correctional Facility, including the Plaintiff.

53. Defendants Katz and Coyle maintained a policy of inadequate staffing to meet the medical needs of the inmates at the facility.

54. Katz and Coyle did not appropriately refer the Plaintiff to a proper specialist to treat his complaints and requests for medical care promptly, and the delay caused permanent injury.

55. The policy, procedures, and standard of inadequate care for patients were defective and therefore failed, which ultimately caused Plaintiff to have a permanent injury and disfigurement to his foot.

56. Despite such knowledge, Defendants did nothing to implement corrective policy or correct custom, which Defendants knew posed a severe danger to inmates, including Plaintiff.

57. The Defendants were deliberately indifferent to the well-being of inmates detained in the facility, including the Plaintiff.

58. Defendants knew of their supervisory failures and that inmates were not receiving adequate treatment but deliberately failed to correct the problem.

59. Defendants were aware of a substantial risk that patients would not receive proper medical care.

60. Defendants were deliberately indifferent to the consequences of their established policies and customs.

61. Defendants' establishment and maintenance of the above-mentioned policies and customs directly caused Plaintiff to be deprived of his Constitutional rights.

62. As a direct and proximate result of the Defendants' deliberate indifference, Plaintiff suffered immense physical pain, humiliation, fear, and physical injuries.

63. Plaintiff also claims such injuries, damages, and consequences resulting from the incident of which she has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars ($5,000,000) in compensatory damages, delay damages, interest, attorneys fees, and allowable costs of suit and brings this action to recover same.

## COUNT III: MUNICIPAL LIABILITY FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983 PLAINTIFF V. DEFENDANTS BUCKS COUNTY AND PRIMECARE

64. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

65. Based upon information and belief, Defendant Bucks County has outsourced the medical care for inmates to Defendant PrimeCare.

66. Defendants Bucks County and PrimeCare promulgated and maintained policies and

customs, as pled at length above, which were the moving force that caused Plaintiff's constitutional and statutory rights to be violated.

67.     Defendants Bucks County and PrimeCare failed to adhere to the protocol in detecting and safeguarding inmates when inmates made medical complaints.

68.     Defendants Bucks County and PrimeCare maintained a policy of not staffing the facility with the proper doctors and medical staff to treat the medical needs of inmates.

69.     Defendants Bucks County and PrimeCare did not correctly examine and evaluate prisoners concerning their medical needs.

70.     Defendants Bucks County and PrimeCare maintained a policy of not having a medical provider to properly treat the fractures of inmates at the facility.

71.     All the pled policies and customs were implemented before, during, and after Plaintiff's detention at the Correctional Facility.

72.     Defendants knew of the dangers posed by these policies and customs.

73.     Specifically, Defendants Bucks County and PrimeCare were fully aware before the period of Plaintiff's incarceration of the severe and extreme danger posed by not correctly providing medical care to inmates with known untreated fractures.

74.     Despite this prior knowledge, Defendants Bucks County and PrimeCare took no steps to enact proper policies to remedy the problematic policies and customs.

75.     Had Defendants Bucks County and PrimeCare, properly promulgated appropriate protocol, not had an improper custom, or adequately trained and/or supervised the individual defendants, the Plaintiff would have received proper care and supervision.

76.     Defendants Bucks County and PrimeCare were deliberately indifferent to Plaintiff's

constitutional rights.

77. Defendants Bucks County and PrimeCare's policies and customs were a direct and proximate cause of Plaintiff's injuries and damages.

78. As a direct and proximate result of Defendants Bucks County and PrimeCare's policies and customs, Plaintiff suffered immense physical pain, humiliation, fear, and physical injuries.

79. Plaintiff also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff's claims of Defendants a sum in excess of five million dollars ($5,000,000) in compensatory damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same. More specifically, Plaintiff is **not seeking punitive damages related to Count III the Municipal Liability claim.**

## COUNT IV:
## NEGLIGENCE (GENERALLY)(PENNSYLVANIA LAW) –
## PLAINTIFF V. DEFENDANTS PRIMECARE AND ALL INDIVIDUAL JOHN DOE DEFENDANTS

80. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

81. Defendants PrimeCare, and all individual John Doe Defendants owed Plaintiff a duty of care.

82. Defendants PrimeCare, and all individual John Doe Defendants breached their duty of care to Plaintiff.

83. The negligent conduct of the individual defendants, in the course and scope of their employment with the Defendant Bucks County and PrimeCare and/or as the agent of Defendant Bucks County and PrimeCare, consists of the following:

a. negligently and recklessly failing to treat and care for fractures properly

b. to ensure that all medical providers could adequately provide the necessary care and treatment to the Plaintiff;

c. negligently and recklessly failing to properly administer necessary treatment to prevent the Plaintiff's heel from healing incorrectly;

d. negligently and recklessly failing to properly maintain and properly monitor records to discover medical issues, causes, and conditions to be treated with necessary medical care and medication.

e. negligently and recklessly not examining the Plaintiff for his complaints regarding the fractured heel.

f. negligently and recklessly not physically examining the Plaintiff.

g. negligently and recklessly failing to learn why the Plaintiff was not seen for his complaints regarding his foot.

h. communicate to superiors and peers of the Plaintiff's complaints.

i. negligently and recklessly failing to provide appropriate supervision to the Plaintiff.

j. negligently and recklessly not monitoring Plaintiff while in their care.

84. As a direct and proximate cause of the Defendants' negligence, Plaintiff experienced significant pain and suffering.

85. As a direct and proximate cause of the Defendants' negligence, Plaintiff's broken bone was not correctly treated, and he endured significant pain and suffering, both physical and emotional.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars

($5,000,000) in compensatory damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## COUNT VIII: VICARIOUS LIABILITY—RESPONDEAT SUPERIOR PLAINTIFF V. DEFENDANT PRIMECARE

86. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

87. The negligence of Defendant PrimeCare, by and through their agents, servants, and/or employees, within the course and scope of their agency and employment.

88. Upon information and belief, Defendant PrimeCare, employed or hired the individual defendants to provide medical services at the facility on their behalf.

89. The individual employees provided medical services at the time of the incident during and within the scope of their employment.

90. The individual defendants' medical services was to benefit PrimeCare.

91. Plaintiff makes a claim for such injuries, damages, and consequences resulting from the in the individual Defendants negligence as outline above, which PrimeCare is vicariously liable.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars ($5,000,000) in compensatory damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

                 RESPECTFULLY SUBMITTED,

| | |
|---|---|
| February 8, 2023 | /s/Brian Zeiger |
| DATE | BRIAN ZEIGER |
| | IDENTIFICATION NO.: 87063 |
| | LEVIN & ZEIGER, LLP |
| | TWO PENN CENTER |
| | 1500 JFK BLVD STE 620 |
| | PHILADELPHIA, PA 19102 |
| | 215.546.0340 |
| | zeiger@levinzeiger.com |